IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE
CORP. CO. N.A.,

      Plaintiff,                    No. CIV 2:10cv2823-MCE-JFM

  vs.

DANIEL MARTINEZ, et al.,        ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff Federal Home Loan Mortgage Corporation Company, N.A., commenced this unlawful detainer action in Calaveras County Superior Court on June 7, 2010. (Not. of Removal, Compl.)  Defendants Daniel and Vicki Martinez subsequently removed this action on October 19, 2010, purportedly on the basis of diversity jurisdiction, along with separate requests to proceed in forma pauperis (IFP).

        Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of

1

1  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
2  that federal jurisdiction exists only when a federal question is presented on the face of the
3  plaintiff's properly pleaded complaint." Id.
4        Plaintiff seeks to evict defendants from a property that it alleges it purchased at a
5  foreclosure sale. (Compl.¶¶ 7-13.) In their Notice of Removal, defendants contend that
6  jurisdiction is proper under 28 U.S.C. § 1332(c)(1). Defendants present no other basis upon
7  which jurisdiction is proper.
8        Jurisdiction founded on diversity "requires that the parties be in complete
9  diversity and the amount in controversy exceed $75,000." See Matheson v. Progressive
10 Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1332. "Complete
11 diversity" means that all plaintiffs must have citizenship different than all defendants. See
12 Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Despite defendants'
13 statement that this court has diversity jurisdiction, the Court disagrees. the amount in
14 controversy does not exceed $75,000. In the complaint, plaintiff seeks $30 for each day
15 defendants have unlawfully remained on the property, an amount not currently exceeding
16 $10,000. See Compl. ¶ 10. Although defendants may assert that the amount in controversy is
17 actually the value of the property, the court notes that plaintiff owns the property as a result of a
18 foreclosure sale. (Compl. ¶¶ 7-8.) Thus, plaintiff is not seeking ownership of the home, but only
19 the eviction of defendants. As a result, defendants have not carried the burden of establishing
20 subject matter jurisdiction based on diversity. See Gaus, 980 F.2d at 566.
21       Moreover, defendants cannot establish federal question jurisdiction. See Takeda
22 v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (holding that a defendant's
23 counterclaim presenting a federal question does not make a case removable). Plaintiff's
24 complaint for unlawful detainer under California law states no federal causes of action. Because
25 there is no federal question presented on the face of plaintiff's complaint, the court lacks federal
26 question jurisdiction over this case.

1       For the reasons set forth above, IT IS HEREBY ORDERED that defendants'
2 motions to proceed in forma pauperis are denied as moot, and
3       IT IS HEREBY RECOMMENDED that this case be remanded to Calaveras
4 County Superior Court for lack of jurisdiction.
5       These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7 days after being served with these findings and recommendations, defendants may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Any response to the objections shall be filed and served
10 within fourteen days after service of the objections.  Defendants are advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's order.
12 DATED: November 29, 2010.

                                      UNITED STATES MAGISTRATE JUDGE

16 /014;fede2823.remand